# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## OCTOBER 1997 SESSION

FILED

June 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 03C01-9703-CR-00101 |
| Appellee, | ) | |
| | ) | SULLIVAN COUNTY |
| VS. | ) | |
| | ) | HON. R. JERRY BECK, |
| JAMES THOMAS TANNER, III, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**NAT H. THOMAS**
317 Shelby Street
Suite 304
Kingsport, TN 37660-3617

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**SANDY C. PATRICK**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**H. GREELEY WELLS, JR.**
District Attorney General

**ROBERT H. MONTGOMERY, JR.**
Assistant District Attorney General
P.O. Box 526
Blountville, TN 37617-0526

**OPINION FILED:** _____

**AFFIRMED**

**JERRY L. SMITH,**
**JUDGE**

**OPINION**

The defendant, James Thomas Tanner, III, pled guilty in the Sullivan County Criminal Court to one (1) count of vehicular homicide, a Class C felony.[1] The trial court sentenced him as a Range I, standard offender to three (3) years and denied alternative sentencing. On appeal, he claims that the trial court erred in refusing to sentence him as an especially mitigated offender and in denying alternative sentencing. After a thorough review of the record before this Court, we affirm the judgment of the trial court.

**FACTUAL BACKGROUND**

On December 26, 1994, defendant was driving on Interstate 181 when his vehicle collided with a truck parked in the emergency lane/paved shoulder area of the interstate. The driver of the truck, Lawrence Peters, had pulled off of the traveled portion of the interstate because of car problems. Peters died as a result of injuries received in the accident. Approximately two hours after the accident, defendant's blood was tested. The test revealed defendant's blood alcohol content to be 0.26%.

Defendant entered a guilty plea to vehicular homicide, a Class C felony at that time. *See* Tenn. Code Ann. § 39-13-213(b) (1991). The trial court was to determine the length and manner of defendant's sentence.

At the sentencing hearing, defendant testified that he was 38 years old and single. He had a Ph.D. in chemistry and had worked for the Tennessee Eastman Company as a technical service representative for approximately six years. He had no prior criminal record, a good work history and a stable family environment. He denied using drugs and reported "infrequent" alcohol use. At the time of the hearing, he had been under a psychiatrist's care for depression for approximately

---

[1] Effective June 2, 1995, vehicular homicide by driver intoxication was elevated to a Class B felony. Public Act 1995, ch. 415 § 2.

five and one-half (5 ½) years. He acknowledged that, after the accident, he erroneously told an officer that he drank "three shots of scotch," when he actually consumed three to four "glasses." He also expressed remorse to the court and to the victim's family.

Defendant's father, a friend of defendant's and a former employer of defendant's testified on his behalf at the sentencing hearing. All requested that the trial court grant alternative sentencing.

The trial court imposed defendant's sentence at the hearing and additionally filed extensive findings in a subsequent written order. The trial court determined that defendant would be sentenced as a Range I, standard offender, and not as an especially mitigated offender. In determining the length of defendant's sentence, the trial court found that no factors were applicable to enhance defendant's sentence within Range I. The trial court did find that mitigating factors were applicable, but did not enumerate those specific factors.[2] The trial court then sentenced defendant to three (3) years, the minimum for a Class C felony within Range I.

In determining whether alternative sentencing would be appropriate, the trial court noted that defendant had an "excellent" social history, educational history and no prior convictions. However, the trial court, relying on several pre-1989 cases, determined that because defendant's actions resulted in the death of another, exceptional circumstances must be shown in order to support probation. *See* State v. Smith, 622 S.W.2d 588, 590 (Tenn. 1983); State v. Windhorst, 635 S.W.2d 706, 708 (Tenn. Crim. App. 1982); Kilgore v. State, 588 S.W.2d 567, 568 (Tenn. Crim. App. 1979). The trial court further found that vehicular homicide by driver intoxication mandated the application of the "exceptional circumstances" test. The trial court concluded that defendant had not demonstrated that exceptional circumstances existed which would require the court to grant alternative sentencing, and thus, denied alternative sentencing.

---

[2] The trial court stated, "[w]e might need to discuss TCA § 40-35-113, mitigating factors, the defendant has under subsection thirteen put forward, and the Court would accept those, at least some of them as mitigating factors . . ."

3

From the trial court's ruling, defendant brings this appeal.

## ESPECIALLY MITIGATED OFFENDER

In his first issue, defendant contends that the trial court erred in sentencing him as a Range I, standard offender. He argues that because he has no prior convictions and the trial court found mitigating but no enhancement factors, he should have been sentenced as an especially mitigated offender.

Tenn. Code Ann. § 40-35-109(a) provides that a trial court "may find the defendant is an especially mitigated offender, if: (1) [t]he defendant has no prior felony convictions; and (2) [t]he court finds mitigating, but no enhancement factors." However, whether a defendant is sentenced as an especially mitigated offender is a determination that rests within the sound discretion of the trial court. State v. Hicks, 868 S.W.2d 729, 730-31 (Tenn. Crim. App. 1993); State v. Braden, 867 S.W.2d 750, 762-63 (Tenn. Crim. App. 1993). This provision is not mandatory. Braden, 867 S.W.2d at 762-63. Indeed, especially mitigated status is reserved for "instances where the trial judge may desire to depart from even the minimum sentence for a Range I offender and impose lesser penalties." Tenn. Code Ann. § 40-35-109, Sentencing Commission Comments.

Considering the nature, facts and circumstances of the offense, we find that the trial court did not abuse its discretion in sentencing defendant as a Range I, standard offender. This issue is without merit.

## ALTERNATIVE SENTENCING

Defendant also contends that the trial court erred in denying alternative sentencing. He asserts that the trial court erroneously applied the "exceptional circumstances" doctrine to deny probation in this case. He argues that the state did not overcome the presumption that defendant was a favorable candidate for alternative sentencing. He further claims that he qualifies for community corrections

4

under the "special needs" provision of Tenn. Code Ann. § 40-35-106(c).

**A.**

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo.* State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

(1) [t]he evidence, if any, received at the trial and the sentencing hearing;

(2) [t]he presentence report;

(3) [t]he principles of sentencing and arguments as to sentencing alternatives;

(4) [t]he nature and characteristics of the criminal conduct involved;

(5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

(6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit

similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169.

Although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); *see* Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

**B.**

Initially, defendant contends that the trial court erroneously applied the "exceptional circumstances" theory to support the denial of probation. In Kilgore v. State, this Court held that where death of another results from a defendant's criminal conduct, the defendant must show that exceptional circumstances exist to

6

support probation. 588 S.W.2d at 568. This case was decided prior to the 1989 Criminal Sentencing Reform Act.

However, under the 1989 Sentencing Act, a defendant convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). There was no similar provision under the 1982 Sentencing Act. At the time this offense was committed, the legislature classified vehicular homicide as a Class C felony.[3] Vehicular homicide, by its very nature, involves the death of another as a result of the defendant's actions. Therefore, "[t]o apply a different standard solely because a death is involved 'would fail to comply with the mandates of the 1989 [Sentencing] Act and would condone inconsistency and unjustified disparity in sentencing unrelated to the purposes of the Act.'" State v. Bingham, 910 S.W.2d 448, 454-55 (Tenn. Crim. App. 1995) (quoting State v. Hartley, 818 S.W.2d at 374). The fact that death results cannot, by itself, justify a denial of probation "nor can it be viewed as sufficient evidence to overcome the presumption" as stated in Tenn. Code Ann. § 40-35-102(6). State v. Butler, 880 S.W.2d 395, 400-01 (Tenn. Crim. App. 1994).

Other panels of this Court have held that the "exceptional circumstances" doctrine did not survive the 1989 Sentencing Act. State v. Bradley Joe Housewright, C.C.A. No. 03C01-9705-CR-00195, Sullivan County (Tenn. Crim. App. filed December 16, 1997, at Knoxville); State v. McKinzie Monroe Black, C.C.A. No. 01C01-9401-CC-00006, Robertson County (Tenn. Crim. App. filed July 14, 1995, at Nashville); *but see* State v. Ramsey, 903 S.W.2d 709, 714 (Tenn. Crim. App. 1995); State v. Roger D. Hipsher, C.C.A. No. 01C01-9111-CC-00332, Hickman County (Tenn. Crim. App. filed October 8, 1992, at Nashville).

We, therefore, find that the "exceptional circumstances" theory is not applicable to offenses occurring after the inception of the 1989 Sentencing Act. Thus, the trial court erred in relying upon this doctrine to support the denial of

---

[3] Under current law, vehicular homicide by intoxication is a Class B felony. *See* Tenn. Code Ann. § 39-13-213(b). Therefore, one convicted of this offense is no longer presumed to be a favorable candidate for alternative sentencing.

probation. Our review is, therefore, *de novo* without a presumption of correctness.

**C.**

Nevertheless, under our power of *de novo* review, we find that a denial of probation was warranted under the circumstances of this case. Probation may be denied based solely upon the circumstances surrounding the offense. State v. Bingham, 910 S.W.2d at 456; State v. Hartley, 818 S.W.2d at 374. However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring probation. State v. Bingham, 910 S.W.2d at 455; State v. Hartley 818 S.W.2d at 374-75.

Approximately two hours after the accident causing the victim's death, defendant's blood alcohol content registered 0.26%. Defendant testified that he was aware of the dangers and consequences of driving while under the influence. Yet, he chose to drive while his blood alcohol level was over two and one-half (2 ½) times the permissible inference for driving under the influence. *See* Tenn. Code Ann. § 55-10-408. We consider these facts to be shocking, reprehensible, offensive and of an exaggerated degree.

We acknowledge that defendant has no criminal record and has an admirable work history and social history. However, we can not overlook that defendant was 38 years old and held a Ph.D. in chemistry. A person of his age and education should recognize the implications of consuming an excessive amount of alcohol and driving on public streets, endangering the lives of others. While we commend defendant's positive attributes, we find that the circumstances of this offense outweigh the other factors in favor of probation. In order to avoid depreciating the seriousness of the offense, we, therefore, find that the trial court did not err in denying probation in this case.

**D.**

Defendant also argues that the trial court should have placed him in community corrections. Defendant is ineligible for community corrections under Tenn. Code Ann. § 40-36-106(a)(3) since vehicular homicide is a crime of violence.

*See* State v. Braden, 867 S.W.2d at 765. However, he contends that he qualifies for the "special needs" provision of Tenn. Code Ann. § 40-36-106(c). He maintains that he has been under psychiatric care since 1990, but poses no threat to the community. He further claims that his depression could best be treated under his present psychiatrist's care rather than in a correctional institution.

The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. *See* Tenn. Code Ann. § 40-36-103. A defendant is eligible for participation in a community corrections program if the defendant satisfies several minimum eligibility criteria set forth at Tenn. Code Ann. § 40-36-106(a)(1)-(7). The Act does not provide that all offenders who meet these requirements are entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). Indeed, Tenn. Code Ann. § 40-36-106(d) provides that the eligibility criteria shall be interpreted as minimum standards to guide the court's determination of eligibility of offenders under the Act.

An offender who does not meet the minimum criteria under Tenn. Code Ann. § 40-36-106(a) and is considered unfit for probation due to substance abuse or mental problems may still be eligible for community corrections under the special needs provision of Tenn. Code Ann. § 40-36-106(c). *See* State v. Grigsby, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997). However, before a defendant may be sentenced pursuant to Tenn. Code Ann. § 40-36-106(c), he or she must be found eligible for probation. State v. Grigsby, 957 S.W.2d at 546; State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989). The trial court must also find that: (1) the offender has a history of chronic alcohol abuse, drug abuse, or mental health problems; (2) these factors were reasonably related to and contributed to the offender's criminal conduct; (3) the identifiable special need(s) are treatable; and (4) the treatment of the special need(s) could be best served in the community rather than in a correctional institution. State v. Grigsby, 957 S.W.2d at 546-47; State v. Boston, 938 S.W.2d 435, 439 (Tenn. Crim. App. 1996).

At first blush, it would appear that defendant is suited for community corrections under Tenn. Code Ann. § 40-36-106(c). However, there is no evidence,

nor does defendant contend, that his depression reasonably related to and contributed to his criminal conduct. Defendant's criminal conduct was caused by his alcohol use, which defendant contends is merely "social" and "infrequent." Because defendant's mental status did not contribute to his criminal conduct, a community corrections sentence under Tenn. Code Ann. § 40-36-106(c) would be inappropriate.

## CONCLUSION

We find that the trial court did not abuse its discretion in sentencing defendant as a Range I, standard offender. Furthermore, we conclude that the trial court's denial of alternative sentencing was not improper under the facts of this case. Accordingly, the judgment of the trial court is affirmed.

_____
**JERRY L. SMITH, JUDGE**

**CONCUR:**


_____
**GARY R. WADE, JUDGE**


_____
**DAVID H. WELLES, JUDGE**