IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 13, 2001 Session

## STATE OF TENNESSEE v. TRACY BARR

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-1299-416C    Timothy L. Easter, Judge**

**No. M2000-01502-CCA-R3-CD - Filed July 10, 2001**

The Defendant pled guilty without a plea agreement to theft of property valued at more than $500.00 and to identity theft. Following a sentencing hearing, the trial court sentenced her to concurrent sentences of one year incarceration for the theft of property conviction and three years incarceration for the identity theft conviction. In this appeal as of right, the Defendant argues that the trial court should have granted her some form of alternative sentencing. Because we conclude that the sentence imposed is adequately supported by the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Floyd N. Price, Nashville, Tennessee (on appeal); and Eric L. Davis, Franklin, Tennessee (at trial), for the Appellant, Tracy A. Barr.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon Guffey, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Williamson County Grand Jury indicted the Defendant, Tracy Barr, for theft of property valued at more than $500.00 and for identity theft. On February 4, 2000, the Defendant pled guilty to both charges, with sentencing to be determined by the trial court. On May 15, 2000, the trial court conducted a sentencing hearing and sentenced the Defendant as a Range I standard offender to concurrent sentences of one year incarceration for the theft of property conviction and three years incarceration for the identity theft conviction. The Defendant now appeals her sentences, arguing that she should have received some form of alternative sentencing. Having reviewed the record, we affirm the judgment of the trial court.

# I. FACTUAL BACKGROUND

At the guilty plea proceeding, the State summarized the proof, with agreement by the Defendant, as follows: On September 19, 1999, the Defendant and her two co-defendants entered the Parisian department store in Franklin, Tennessee. They separated and each applied for instant credit using false identification. After receiving credit authorization, the women proceeded to purchase clothing from the store. The Defendant charged $543.42 worth of merchandise and then attempted to leave the store. However, security guards detained the Defendant and her two friends before they could leave. They were subsequently charged for their crimes.

At the sentencing hearing, the Defendant testified that she was the mother of two children, a twelve-year-old and a sixteen-year-old. She stated that if she became incarcerated, she would be forced to send both children out of town. The Defendant explained that she was unemployed and in debt at the time of the crimes. She insisted that since the time of the crimes, she realized that her actions were wrong. She testified that she had begun working part-time and pursuing her G.E.D.

The Defendant also reported a conviction that was not included in her presentence report. She stated that she had a prior felony conviction for forgery from Texas and reported that the offense had occurred three to four years earlier. She testified that she was serving probation in Shelby County for this conviction both at the time of the crimes in this case and at the time of the sentencing hearing. The Defendant also reported that there was a pending charge against her in Shelby County for forgery stemming from an incident that occurred on December 17, 1999. The Defendant stated that she had not yet informed her probation officer about the charges in this case because she was "afraid of losing everything." However, the Defendant testified that she had chosen to advise the trial court about her Texas conviction and the pending charges in Shelby County, neither of which were discovered by the presentence investigation officer who prepared the Defendant's presentence report, because she was afraid.

# II. ANALYSIS

The Defendant argues that she was improperly sentenced. When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to

sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge. Shelton, 854 S.W.2d at 123. However, the sentence must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). Because the record in this case indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts, our review is de novo with a presumption of correctness.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

The Defendant argues that she should have been granted some form of alternative sentencing. She points out that she expressed remorse for her actions at the sentencing hearing and that she was truthful about her crimes in this case. She also argues that the trial court should have considered her admission of the conviction not included in her presentence report. Finally, she emphasizes her need to provide for her two minor children.

Tennessee Code Annotated § 40-35-102(5) provides as follows:
In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and

evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . .

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Furthermore, unless sufficient evidence rebuts the presumption, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation . . . ." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a). The Defendant, as a standard offender convicted of a Class D felony and a Class E felony,[1] is presumed to be a favorable candidate for alternative sentencing.

However, all offenders who meet the criteria are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated § 40-35-103(5), which states, in pertinent part, "The potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5); State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994).

In sentencing the Defendant, the trial court first stated that the Defendant qualified for classification as a Range II multiple offender. However, the court noted that the State had failed to file a notice of intent to seek enhanced punishment, as required by Tennessee Code Annotated § 40-35-202(a). Therefore, the court sentenced the Defendant as a Range I standard offender.

The trial court next proceeded to consider enhancement and mitigating factors. The court concluded that enhancement factor (1) applied in this case: "The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the

---

[1] Theft of property valued between $500.00 and $1,000.00 is classified as a Class E felony. Tenn. Code Ann. § 39-14-105(2); see also id. §39-14-103. Identity theft is classified as a Class D felony. Id. § 39-14-150(c).

-4-

appropriate range . . . ." Tenn. Code Ann. § 40-35-114(1). The court also applied enhancement factor (13), that the felonies in this case were committed while the Defendant was on probation. See id. § 40-35-114(13)(C). Following application of enhancement factors, the court determined that the Defendant should receive a sentence of two years incarceration for the theft of property conviction and a sentence of four years incarceration for the identity theft conviction. However, the trial court then applied mitigating factor (1), that "[t]he defendant's criminal conduct neither caused nor threatened serious bodily injury . . . ." Id. § 40-35-113(1). Based upon this mitigating factor, the court reduced the Defendant's sentences to one year incarceration for theft of property and to three years incarceration for identity theft. The trial court ordered that the sentences run concurrently.

The trial court then turned to consideration of alternative sentencing. It first noted that the Defendant was presumed to be a favorable candidate for alternative sentencing. Nevertheless, it concluded that in this case,

> (A) [c]onfinement is necessary to protect society by restraining a defendant
> who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the
> offense . . . [and]
> (C) [m]easures less restrictive than confinement have frequently or recently
> been applied unsuccessfully to the defendant . . . .

Id. § 40-35-103(1)(A)-(C).

The record in this case supports the denial of alternative sentencing. In her brief, the Defendant correctly notes that to deny an alternative sentence solely based upon the nature of the offense, the circumstances of the offense must be "'especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring probation." State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991) (citing State v. Cleavor, 691 S.W.2d 541, 543 (Tenn. 1985)); State v. Zeolia, 928 S.W.2d 457, 462 (Tenn. Crim. App. 1996). Although the circumstances of the offenses in this case are not sufficient alone to justify denial of an alternative sentence, other factors support the trial court's decision to deny alternative sentencing. The Defendant's presentence report indicates that at the time of sentencing, the Defendant had five previous felony convictions from 1988, one for the sale of cocaine and four for receiving stolen property. In addition, the Defendant admitted at the sentencing hearing that at the time of the crimes in this case, she was serving probation in Shelby County for a forgery conviction that she had received in Texas. She also stated that there was a pending charge against her in Shelby County for forgery. Based on this evidence, we conclude that the trial court did not err by ordering confinement in this case.

Because the trial court followed the statutory sentencing procedure, because it imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out by our sentencing law, and because the court's findings of fact are adequately supported by the record, we may not modify the Defendant's sentence. See Fletcher, 805 S.W.2d at 789. Accordingly, we AFFIRM the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE