# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 14, 2002

## STATE OF TENNESSEE v. JONATHAN OMAR ECHEVARRIA

**Appeal from the Criminal Court for Davidson County**
**No. 2001-I-722     Steve Dozier, Judge**

---

**No. M2001-02703-CCA-R3-CD - Filed September 16, 2002**

---

The Appellant, Jonathan Omar Echevarria, appeals from the sentencing decision of the Davidson County Criminal Court imposing a sentence of four years incarceration.[1] The sentence arose from a guilty plea entered by Echevarria to one count of attempted aggravated robbery. In this appeal, Echevarria raises the issue of whether the trial court erred by ordering a sentence of total confinement rather than a less restrictive alternative. After review, we find no error. Accordingly, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Amy D. Harwell and C. Dawn Deaner, Assistant Public Defenders, Nashville, Tennessee, for the Appellant, Jonathan Omar Echevarria.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Jon Seaborg, Assistant District Attorney General, for the Appellee, State of Tennessee.

---

[1]We find little consistency in the spelling of the Appellant's name in the lower court proceedings. It is the policy of this court to use the name of the Appellant as set forth in the charging instrument. The criminal information uses the name of Jonathan Omar Echevarrio. On all documents in the record, the Appellant signed his name Jonathan O. Echevarria. At the sentencing hearing, the Appellant testified through an interpreter that his name was Jonathan Echevarria Fuentes.

## OPINION

## Procedural History

On June 30, 2001, the Appellant, armed with two pistols, a .25 caliber and .38 caliber, went to the home of five individuals who had previously attempted to start a fight with the Appellant's younger brother. The Appellant admitted that he had previous "differences" with these individuals. Upon arrival at the residence, the Appellant forced his way inside and, holding the victims at gunpoint, took approximately $2300.00 in cash from them.[2]

In July 2001, the Appellant was charged by way of a criminal information with five counts of attempted aggravated robbery. On August 30, 2001, the Appellant pled guilty to one count of attempted aggravated robbery. The plea agreement provided that the Appellant would receive a four-year sentence and the remaining four counts would be dismissed. The manner of service of the sentence was to be determined by the trial court.

Following the sentencing hearing, the trial court denied the Appellant's request for alternative sentencing and ordered that the four-year sentence be served in confinement in the county workhouse. This appeal followed.

## Analysis

Our law provides that when there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991); *see State v. Jones*, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). In this case, the presumption of correctness is applied as we find the trial court considered the sentencing principles and relevant facts. The Sentencing Commission Comments provide that the burden is on the Appellant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of: (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210.

---

[2]The five victims were Pedro Matamoros, Jose De la Cruz, Feliciano Jose Cisneros, Antonio Martinez, and Hector Cisnero. The stolen money was recovered from the Appellant and returned to the victims.

Because the Appellant in this case was convicted as a standard offender of a class C felony, he is presumed to be a favorable candidate "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b).

In *Ashby*, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. *Ashby*, 823 S.W.2d at 171. "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." *Id.*

The Appellant asserts that the trial court erred by "denying [his] request for alternative sentencing." Specifically, he argues that the evidence introduced at the hearing is insufficient to rebut the presumption favoring an alternative sentence. Guidance as to what may constitute evidence to the contrary or evidence sufficient to rebut the presumption of entitlement to an alternative sentencing option is set out in Tennessee Code Annotated § 40-35-103. *See State v. Bingham*, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995). A sentence of total confinement should be based on the following considerations:

> (A) Confinement is necessary to protect society by restraining a
>      defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness
>      of the offense or confinement is particularly suited to provide
>      an effective deterrence to others likely to commit similar
>      offenses; or
>
> (C) Measures less restrictive than confinement have frequently
>      or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1)(A)-(C).

In addition, "[t]he potential or lack of potential for the rehabilitation . . . of the defendant should be considered in determining the sentence alternative . . . ." Tenn. Code Ann. § 40-35-103(5). Thus, confinement may still be appropriate despite the presumption if the record adequately shows that one of these particular considerations outweighs a defendant's rehabilitative capabilities. *State v. Fletcher*, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991).

The proof introduced at the sentencing hearing established that at the time of this offense the Appellant was eighteen years old and had dropped out of high school after the eleventh grade. He was born in Puerto Rico and moved to the United States four years ago. For the last two years, he had been living in Nashville with his aunt. The Appellant's work history is sporadic at best, and he

offered no employment prospects if released. Only three months prior to this offense, he was found in possession of marijuana, which resulted in a misdemeanor drug conviction and sentence of ninety days. The Appellant is the father of a four-year-old child residing in Springfield, Massachusetts, whom he has never supported and, at the time of sentencing, his current girlfriend was pregnant. In denying an alternative sentence, the trial court recited the following findings:

> [J]ust observing Mr. Echevarria here today, he's - - I don't know if it's just the way he is - - he just still seems to have some kind of anger or - - maybe he's angry he's in jail or - - I don't know what it is, what perception I get of him.
> . . .
>
> I have to consider what actually happened; that is, he admits he went into some people's residence and robbed them at gunpoint of their money, just because of some problem, in his mind, that they had with his brother.
>
> So, you've got guns, you've got potential for life-threatening injuries, you have violence. On the other hand, I acknowledge he's young and, other than this marijuana case, doesn't have a prior record.
>
> I mean, he's gotten a benefit from his representation and the plea bargain that's been agreed upon.
>
> I'm not convinced that his aunt, who I think's a nice person and trying to do as best she can in raising her child, providing for her family, would be able to control Mr. Echevarria's behavior; and she's not responsible for that.
>
> So, based on the nature of the offense, I think confinement is necessary, to avoid depreciating the seriousness of the offense.
>
> And I'm not at this time inclined to grant probation. It's just rare that somebody that just flat-out commits multiple armed robberies would get probation, regardless of it being an attempted-robbery plea.

When determining the proper sentence for a guilty plea, a trial judge is permitted to look behind the plea and consider the actual offense committed. *State v. Hollingsworth*, 647 S.W.2d 937, 939 (Tenn. 1983). In the present case, the actual offense committed was aggravated robbery. The Appellant admittedly forced his way into a home with two guns and took a substantial amount of money from his victims. The Appellant admits he undertook these actions simply because he was angry someone had attempted to fight with his younger brother. The record supports the finding that, based upon the degree of force exerted, the presence of weapons, and the number of victims involved, the offense as committed was violent and excessive.

The trial court also expressed concerns on the record with regard to the Appellant's demeanor and attitude at sentencing. Moreover, the proof presented an unemployed high school drop-out with no known job prospects and a recent criminal drug conviction. These facts lend support to a determination that the Appellant's potential for rehabilitation is poor.

Based upon the proof, we conclude that the record fully supports the trial court's finding that the nature and circumstances of this crime outweighed all factors favoring an alternative sentence. *State v. Fields*, 40 S.W.3d 435, 441 (Tenn. 2001) (citing *State v. Cleavor*, 691 S.W.2d 541, 543 (Tenn. 1985); *State v. Hartley*, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991) (holding that confinement is proper when the circumstances of the offense are especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree and the nature of the offense must outweigh all factors favoring probation)). The Appellant has failed to establish the impropriety of the sentence. Accordingly, we agree that under the circumstances of this case a period of confinement is necessary to avoid depreciating the seriousness of the offense.

## Conclusion

For the above stated reasons, we affirm the judgment of the trial court in ordering that the Appellant's sentence of four years be served in the county workhouse.

_____
DAVID G. HAYES, JUDGE