IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 5, 2005

**STATE OF TENNESSEE v. DAVE LONG**

**Direct Appeal from the Circuit Court for Sequatchie County**
**No. 4313     Thomas W. Graham, Judge**

_____

**No. M2004-01721-CCA-R3-CD - Filed June 6, 2005**

_____

After entering a plea of guilty, the Defendant, Dave Long, was convicted of one count of burglary, a Class D felony. Pursuant to a plea agreement, the Defendant was to be sentenced to six years as a Range II, multiple offender, with the trial court to establish the manner of service. Following a sentencing hearing, the trial court ordered the Defendant serve his entire sentence with the Tennessee Department of Correction (TDOC). On appeal, the Defendant argues that the trial court erred in denying him probation or other alternative sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. C. MCLIN, JJ., joined.

B. Jeffery Harmon, Jasper, Tennessee, for the appellant, Dave Long.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; and J. Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

According to the State's factual basis presented at the plea acceptance hearing, the facts surrounding the offense at issue in this case can be summarized as follows:

> [O]n July the 7th of 2003, the Chapel Hill United Methodist Church in Sequatchie County was burglarized. That one of the parishioners advised Investigator [Keith] Herron [of the Sequatchie County Sheriff's Office] that he had seen a vehicle parked at the church that day and that he later saw the same vehicle in Hamilton County and was able to get a tag number. Investigation ensued and the investigation revealed

that Mr. Long had pawned in Chattanooga items stolen from Chapel Hill United Methodist Church within a short period of time after the burglary occurred and that would be essentially what the State's proof would be.

For sentencing purposes the State would be showing that Mr. Long has two, a minimum of two prior felony convictions which would make him a Range II offender.

The Defendant confirmed the above facts were true.

In September of 2003, the Defendant was indicted by a Sequatchie County grand jury on two counts of burglary and two counts of theft.[1] In April of 2004, the Defendant entered a plea of guilty to one count of burglary and the State dismissed the remaining three charges against him. Also, as part of this plea agreement, the Defendant agreed to be sentenced as a Range II offender to six years with the manner of service to be determined by the trial court. At the plea hearing, the court found that the Defendant understood the constitutional rights he waived by entering a guilty plea, and had done so both knowingly and voluntarily. The court accepted the Defendant's guilty plea and convicted the Defendant of one count of Class D felony burglary.

In May of 2004, a sentencing hearing was conducted to determine the manner in which the Defendant would serve his six-year burglary conviction sentence. At this hearing, Diane Long, the Defendant's mother, testified that the Defendant became involved in criminal activity at the early age of seventeen because he associated with the "wrong crowd." However, she believed he was doing much better in recent years, was trying to turn his life around, and was truly remorseful for his burglary of the church.

The presentence report reflects that at the time of sentencing the Defendant was thirty-two years old, apparently divorced, and the father of two children. He dropped out of school in the tenth grade and has an "institutional GED." He has no history of steady employment. He does have a lengthy history of criminal activity.

The Defendant testified at the sentencing hearing that many of his criminal problems related to drug and alcohol abuse, which began in his youth. He admitted he violated probation and parole in the past, both times for failing drug tests. The Defendant testified that he stopped smoking pot two years prior to his sentencing hearing, and was a model prisoner, reaching trusty status. The Defendant explained that just before he burglarized the church, he smoked methamphetamine and "freaked out for a few days," but was sorry for his actions, wished to apologize to the church, and offered to repay the church for their losses "ten fold." At the conclusion of the sentencing hearing, the trial court denied both probation and alternative sentencing and sentenced the Defendant to six years with the TDOC. The Defendant timely filed a notice of appeal.

---

[1] The State's theory was that the Defendant burglarized the church on two separate occasions, stealing some audio-visual equipment and microwaves the first time, and returning several days later to steal several "weedeaters." The Defendant, while admitting to the theft of the property, claimed he entered the church property only once.

## ANALYSIS

On appeal, the Defendant claims the trial court erred in denying him probation or alternative sentencing. Specifically, the Defendant argues that he should have received probation because he could be rehabilitated, or should have been granted alternative sentencing because the trial court failed to articulate how his confinement was necessary to avoid deprecating the seriousness of the offense or was necessary to provide a deterrent effect. See Tenn. Code Ann. § 40-35-103(1)(B). We disagree.

### A. Standard of Review

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; and (f) any statement the defendant wishes to make in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210(b); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

When a convicted defendant challenges the manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W. 2d 785, 789 (Tenn. Crim. App. 1991). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act, and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401 Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

We note that the length of the Defendant's sentence, six years, was part of the plea agreement and is not challenged on appeal. Therefore, we will examine only the trial court's determination as to the manner of service.

## B.  Denial of Probation

A defendant is eligible for probation if the actual sentence imposed upon the defendant is eight years or less and the offense for which the defendant is sentenced is not specifically excluded by statute.  See Tenn. Code Ann. § 40-35-303(a).  The trial court shall automatically consider probation as a sentencing alternative for eligible defendants; however, the defendant bears the burden of proving his or her suitability for probation.  See id. § 40-35-303(b).  No criminal defendant is automatically entitled to probation as a matter of law.  See id. § 40-35-303(b), Sentencing Commission Comments; State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997).  Rather, the defendant must demonstrate that probation would serve the ends of justice and the best interests of both the public and the defendant.  See State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002).

In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, both physical and mental; the deterrent effect on the defendant; and the defendant's potential for rehabilitation or treatment.  See id.  If the court determines that a period of probation is appropriate, it shall sentence the defendant to a specific sentence but then suspend that sentence and place the defendant on supervised or unsupervised probation either immediately or after the service of a period of confinement.  See Tenn. Code Ann. §§ 40-35-303(c), -306(a).

We begin by noting that the Defendant is eligible for probation.  See Tenn. Code Ann. § 40-35-303(a).  However, the Defendant has failed to demonstrate that probation would both serve the ends of justice and would be in the best interests of the public and the Defendant.  See Souder, 105 S.W.3d at 607.  The trial court noted that from 1989 to 2003, the year the Defendant committed the crime at issue in this case, there was never a period longer than two years in which the Defendant was not involved in criminal activity.  Additionally, the record reveals that the Defendant violated both probation and parole in the past; his probation was revoked for failing a drug test, and several years later his parole was revoked for failing to keep steady employment, leaving the state, and again failing a drug test.  In short, the evidence contained in the record is more than sufficient to justify denial of probation.  Accordingly, we find the trial court did not err in denying the Defendant probation.  This issue has no merit.

## C.  Denial of Alternative Sentencing

A defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary."  Tenn. Code Ann. § 40-35-102(6).  See also State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001).  The following considerations provide guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. See id. § 40-35-103(5).

In the case at hand, the Defendant was convicted as a Range II, multiple offender, and therefore is not presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). Additionally, the trial court found that denial of alternative sentencing was appropriate upon consideration of the three sentencing guidelines pertaining directly to sentences of confinement. First, the court found that confinement of the Defendant was necessary to protect society from an individual with a long history of criminal conduct. See Tenn. Code Ann. § 40-35-103(1)(A). The evidence contained in the record supports this conclusion. The Defendant, now only in his early thirties, has well over twenty criminal convictions for crimes such as forgery, trafficking of marijuana, coercion of a witness, theft and burglary, among others. The Defendant's criminal history demonstrates that he has been engaged in criminal activity all of his adult life.

Second, the trial court also found the Defendant should be confined to avoid depreciating the seriousness of the offense. See Tenn. Code Ann. § 40-35-103(1)(B).[2] The court reasoned that because the Defendant had previously been convicted of similar offenses of theft, as well as "an exactly similar offense, a burglary," and yet continued to commit these same types of crimes, the Defendant had not received the message as to the serious nature of these offenses.

However, the Defendant argues on appeal that there was insufficient proof that his crime of burglary rose to the level of "especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all factors favoring probation," as required by State v. Cleavor, 691 S.W.2d 541, 543 (Tenn. 1985). See also State v. Fields, 40 S.W.3d 435, 441 (Tenn. 2001). We agree with the Defendant that the facts and circumstances of his burglary fail to meet the stringent requirements for denying alternative sentencing to avoid depreciating the seriousness of the offense. However, we note that the statutory

---

[2]The Defendant also argues that the trial court erred because the record is devoid of any evidence that a sentence of confinement would have a deterrent effect within the jurisdiction, citing State v. Hooper, 29 S.W.3d 1 (Tenn. 2000). However, while deterrence is a factor for judges to consider in deliberating whether to issue a sentence of confinement, the court in the case at hand placed no reliance on deterrence as a reason for imposing a sentence of confinement. See Tenn. Code Ann. § 40-35-103(1)(B). Accordingly, the Defendant's argument on this point is irrelevant.

criteria supporting confinement listed in Tennessee Code Annotated section 40-35-103(1) is a disjunctive list, and any one of the three criteria may support a sentence of confinement. Thus, the trial court's misapplication of this one criterion does not warrant a modification of the Defendant's sentence.

Finally, the trial court found that measures less restrictive than confinement had been frequently or recently applied unsuccessfully to the Defendant. See Tenn. Code Ann. § 40-35-103(1)(C). The record contains evidence of a probation violation and a parole violation, both in the presentence report and in the Defendant's own admissions at the sentencing hearing. Thus, we find the evidence is sufficient to support the trial court's conclusion that measures less restrictive than confinement have proved unsuccessful for the Defendant in the past, and a sentence of confinement is therefore appropriate.

Additionally, after considering the Defendant's extensive criminal history, we find his sentence of confinement in this case was not greater than that deserved for the offense, and was the least severe measure necessary to achieve the purpose of his sentence. See Tenn. Code Ann. § 40-35-103(2), (4). The Defendant's history of repeatedly committing thefts and burglaries, as well as prior probation and parole violations, both indicate a lack of potential for rehabilitation. See Tenn. Code Ann. § 40-35-103(5).

We find the Defendant's extensive criminal history as well as his failure to successfully complete previous forms of alternative sentencing both support the trial court's imposition of a sentence of confinement. Accordingly, the trial court did not err in denying the Defendant alternative sentencing. This issue is without merit.

## CONCLUSION

For the foregoing reasons, we find the trial court did not err in its determination of the manner in which the Defendant's sentence is to be served. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-6-