**STATE of Tennessee, Appellee,**

v.

**Peggy Sue WINDHORST, Appellant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

April 20, 1982.

Permission to Appeal Denied by
Supreme Court July 19, 1982.

Joe P. Binkley, Patricia R. Young, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Ronald E. Miller, Asst. Dist. Atty., Nashville, for appellee.

## OPINION

TATUM, Judge.

Peggy Sue Windhorst has appealed from a judgment denying probation of an eleven month and twenty-nine days jail sentence. On her plea of not guilty, she was convicted of violating T.C.A. § 39–2412(a) and T.C.A. § 39–2412(b). She was sentenced to 6 months confinement for violation of subsection (a) of 39–2412 and the eleven months and twenty-nine day sentence was for the violation of subsection (b). The trial judge sentenced the appellant only for the subsection (b) conviction. The only issue presented is whether the trial court's denial of the suspension of the sentence was arbitrary and capricious or palpably abusive of discretion. The record answers this question in the negative, and requires us to affirm the judgment.

Briefly stated, the facts upon which the appellant was convicted were that she drove an automobile while intoxicated and that she ran a stop sign. She struck another automobile that had the right of way and knocked it 102 feet off the street. The driver of the other automobile was an elementary school teacher and the mother of two small children; she died as a result of injuries sustained in the collision.

Prior to the vehicular homicide, the appellant was convicted of reckless driving. There was evidence that shortly after the

homicide was committed, she had worked in a house of prostitution and had been arrested and convicted of public intoxication. She had also been arrested on two counts of theft by deception, but these offenses were dismissed with the order that the appellant make restitution and pay court costs.

This 23-year old appellant was raised in a good home in Louisville, Kentucky but left it at a premature age in rebellion against her parents, who she thought were too strict. She completed high school in Louisville and, at the time of the probation hearing, was enrolled at the University of Louisville. She was employed as a waitress.

At the time of the hearing, she was seeing a psychiatrist who said that her ability to test reality was in disintegration and that at times she used alcohol or drugs to deal with severe anxiety and impulsive behavior. Her personality disorder was improved by the time of the hearing. Her psychiatrist thought that confinement would not serve her best interest; but he recommended that in the event of her incarceration, she be placed in an environment where therapy is available and where the best potential exists for rehabilitation.

The trial judge gave the following reasons for denying probation:

"(1) That the defendant was arrested two (2) months prior to trial for the offense of 'public intoxication'.

(2) That the defendant has further involved herself in criminal activity, having accepted employment in a 'massage parlor' type of operation, and having been arrested therein for the offense of 'prostitution'.

(3) That the incidences of driving while intoxicated are approaching alarming proportions in this county, and the Court is of the opinion that 'drunk driving' should be deterred and judicially discouraged. Moreso should this be the case when as a result of 'driving under the influ-

ence', an innocent person loses her life."

■ T.C.A. § 40–2904 entrusts "sole discretion" with the trial judge with regard to suspension and probation. The statute grants no discretion in these matters to appellate courts. Appellate courts may reverse a judgment of the trial court only when the trial court has abused its discretion. *Moten v. State*, 559 S.W.2d 770 (Tenn. 1977); *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974). An abuse of discretion in denying probation exists when the trial judge acts contrary to uncontradicted substantial evidence and ignores all valid criteria. The burden of proof is on one seeking probation to demonstrate that the granting of probation will benefit the public as well as the defendant. *Frazier v. State*, 556 S.W.2d 239 (Tenn.Cr.App.1977). Exceptional circumstances must be shown in order to support probation in a case involving the death of another person at the hands of the petitioner. *Kilgore v. State*, 588 S.W.2d 567 (Tenn.Cr.App.1979).

■ There are cases in which the deterrent factor alone would require the denial of probation. In others, the deterrent factor alone will not authorize the denial of probation. *State v. Michael*, 629 S.W.2d 13 (Tenn.1982). As a general proposition, the deterrent factor alone would warrant the refusal of probation by the trial judge in cases where a life is taken by an intoxicated motorist. The magnitude of this crime ordinarily requires judicial deterrence, and sentences imposed for this offense should not be routinely probated.

■ We also note that the criminal record and social history of the appellant were likewise properly considered by the trial judge. See *Moten v. State, supra,* and the cases cited therein. As above discussed, these factors do not weigh in favor of the appellant. The conduct of the appellant since this homicide was committed might also raise doubt as to the probability that the appellant will henceforth practice good

citizenship or that she is willing and able to rehabilitate herself. See *Frazier v. State, supra.*

As stated previously, the question of probation is within the sole discretion of the trial judge. Appellate courts are not authorized to substitute their judgment for that of the trial judge. *State v. Grear,* 568 S.W.2d 285 (Tenn.1978). This case comes within the broad spectrum of cases wherein the trial judge has wide discretion on the question of probation. We find no abuse of discretion here.

The judgment of the trial court is affirmed.

DUNCAN and CORNELIUS, JJ., concur.