**STATE of Tennessee,
Plaintiff-Appellant,**

v.

**Donald CLEAVOR, Defendant-Appellee.**

Supreme Court of Tennessee,
at Nashville.

May 28, 1985.

Kimberly J. Dean, Asst. Atty. Gen., Nashville, for plaintiff-appellant; W.J. Michael Cody, Atty. Gen. & Reporter, Nashville, of counsel.

Joe P. Binkley, Jr., Patricia R. Young, Nashville, for defendant-appellee.

## OPINION

BROCK, Justice.

This is an appeal from the Court of Criminal Appeals' decision reversing the trial court's denial of probation. For the reasons hereinafter stated, we reverse the judgment of the Court of Criminal Appeals.

Defendant pled guilty to vehicular homicide. On the day of the offense, defendant left work in Westmoreland, driving his company's van, to do some errands in another town. After he had driven approximately twenty-five miles, the van, traveling eastbound on a four-lane highway, left his lane of traffic and crossed over into the far

west-bound lane, hitting a car head-on. Both vehicles went over a forty foot embankment. The driver of the car, a thirty-two year old mother of two, was killed. Defendant received severe injuries, and continues to have some physical problems as the result of the accident.

It was determined that defendant had a blood alcohol content of .14% two and one-half hours after the accident. A blood alcohol test performed on the victim was negative. Two beer cans were found inside the van, one of which was empty and the other of which was full. It appeared that alcohol had been spilled on the seat. Defendant testified that on the day of the accident, he had consumed two one-ounce shot glasses of whiskey prior to leaving work. He denied drinking any beer, explaining that the beer in the van could have been left by other persons who had access to the company van, or by himself on another occasion.

Defendant further testified that he did not remember the accident, and that he must have blacked out shortly before the accident due to pain from a back injury. He stated that he had blacked out on three previous occasions.

Defendant, at the time of the hearing, was 49 years of age. He had been separated from his wife for several years, and was the father of four children, the youngest of whom was fourteen. He had a good work record, a good military record, and no prior criminal record. The record indicates that he had the support of many of the residents of Westmoreland and of his current co-workers and employers. His probation report was favorable.

The trial court denied probation based upon the magnitude and seriousness of the offense, and the need to deter others who attempt to drive motor vehicles while intoxicated. The Court of Criminal Appeals, in a 2–1 decision, reversed the trial court.

■ The power of probation and suspension of sentence is within the sole discretion of the trial judge. The exercise of that discretion, however, is reviewable in the appellate courts, but the trial judge's determination may be reversed only if it is not supported by any substantial evidence. *State v. Bell*, Tenn., 664 S.W.2d 288 (1984); *State v. Smith*, Tenn., 662 S.W.2d 588 (1983); T.C.A., § 40–21–104. An appellate court may not substitute its judgment for that of the trial court where there is evidence to support the trial court's judgment. *State v. Grear*, Tenn., 568 S.W.2d 285, at 286 (1978). *State v. Smith, supra*, 662 S.W.2d at 589.

■ One of the factors found by the trial judge to support the denial of probation is the deterrence factor. Probation may be properly denied based upon the deterrence factor alone. T.C.A., § 40–21–104. Generally, in cases such as this, where a life is taken by an intoxicated motorist, the deterrence factor is a sufficient basis for the denial of probation. *State v. Windhorst*, Tenn.Crim.App., 635 S.W.2d 706 (1982). There is currently an increased public awareness of the need to deter persons who would attempt to drive motor vehicles while intoxicated. The rising number of persons who drive while intoxicated and the rising number of deaths caused by such drivers is a matter of growing concern among our citizens. *See, State v. Garren*, Tenn.Crim.App., 644 S.W.2d 701, 704 (1982). The need for deterrence is obvious. We are of the opinion that the trial court's finding concerning the deterrence factor is supported by the record.

■ The other factor relied upon by the trial court, the nature and circumstances of the offense, ordinarily is not, by itself, a sufficient basis for the denial of probation, where the legislature has provided the possibility of a suspended sentence. *See, Mattino v. State*, Tenn.Crim.App., 539 S.W.2d 824 (1976). To sustain the denial of probation based solely upon the nature of the offense, the criminal act, as committed, must be "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," and the nature of the offense must outweigh all factors favoring probation.

**544**

*State v. Travis,* Tenn., 622 S.W.2d 529 (1981).

 The Court of Criminal Appeals found that there was no evidence of circumstances or conduct on the part of Mr. Cleavor manifesting extreme indifference to the value of human life, or that the accident occurred as the proximate result of his intoxication. Respectfully, we must disagree with that conclusion. We find the record to fully support the trial court's finding that defendant's intoxication was the proximate cause of the accident. However, we need not decide whether the circumstances of this offense as committed, are sufficiently shocking, or of such an exaggerated degree, as to permit the denial of probation based upon that factor alone, because, as we have stated, the deterrence factor is significant in this case.

 Undoubtedly, several factors exist in this case which are favorable to the defendant. However, it is not the function of this Court, or the Court of Criminal Appeals, to weigh the favorable and unfavorable factors and substitute its judgment for that of the trial court. The trial court's findings are supported by the record, and thus the Court of Criminal Appeals erred in reversing the denial of probation.

The judgment of the Court of Criminal Appeals is reversed, and the judgment of the trial court denying probation is affirmed. Costs are taxed against the defendant-appellee.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.