IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY SESSION, 1997

FILED

October 24, 1997

Cecil W. Crowson
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9512-CC-00433 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | COFFEE COUNTY |
| VS. | ) | |
| | ) | HON. GERALD L. EWELL, SR. |
| CARL E. CAMPEN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal-Sentencing) |

FOR THE APPELLANT:

CHRISTOPHER VAN RIPER
Stuart & Van Riper
300 Market Street
Clinton, TN 37716

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KAREN M. YACUZZO
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

MICKEY LAYNE
District Attorney General

STEPHEN E. WEITZMAN
Assistant District Attorney
P. O. Box 147
Manchester, TN 37355

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

A Coffee County Circuit Court jury found Appellant Carl E. Campen guilty of driving under the influence of an intoxicant (DUI), fourth offense, and driving on a revoked license. For the DUI conviction, Appellant received a sentence of eleven months twenty-nine days in the county jail and a fine of seven thousand dollars. For the driving on a revoked license conviction, he received a sentence of one hundred eighty days in the county jail and a fine of five hundred dollars. The trial court ordered the sentences served consecutively. In this direct appeal, Appellant presents the following issue for review: whether his sentence is excessive.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

On March 7, 1995, the Coffee County Grand Jury indicted Appellant for DUI, fourth offense, in violation of Tennessee Code Annotated Section 55-10-401 and for driving on a revoked license in violation of Tennessee Code Annotated Section 55-50-504.

Appellant originally expressed an interest in pleading guilty to the charges but, at the plea acceptance hearing on March 21, 1995, inexplicably pled not guilty. The trial court accepted the not guilty plea but found Appellant in contempt of court for representing to the court that he would plead guilty.

In July of 1995, Appellant was tried before a jury in the Coffee County Circuit Court. At the conclusion of the trial, the jury found Appellant guilty of the offenses as set out in the indictment. The trial court imposed consecutive sentences of eleven months and twenty-nine days for the DUI offense and one hundred eighty days for the driving on a revoked license offense. The trial court ordered incarceration for seventy-five percent of the sentence.

## II. SENTENCING

Appellant alleges that his sentence is excessive. Specifically, he argues that the trial court erred in determining the length of his sentences, in failing to impose some form of alternative sentence, and in ordering consecutive sentencing.

When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and

character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

The misdemeanant is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829 (Tenn. Crim. App. 1994). Further, misdemeanor sentences do not contain ranges of punishments, and a misdemeanor defendant may be sentenced to the maximum term provided for the offense as long as the sentence imposed is consistent with the purposes of the sentencing act. State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995).

In determining the percentage of the sentence that must be served, the court is required to consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Palmer, 902 S.W.2d at 393. Here Appellant does not challenge the percentage of service of his sentences. Rather, he argues only that the imposition of the maximum sentences are excessive.

The trial court, in sentencing Appellant, specifically set out the facts, circumstances and applicable portions of the Sentencing Reform Act of 1989 in the record. A separate sentencing hearing was held for which a pre-sentence report was ordered. Appellant's criminal record consists of three previous DUI

convictions. In determining the sentence, the court considered Appellant's previous criminal history and the fact that this conviction involved a crime in which the risk to human life was high. No mitigating factors were found by the court.

Appellant contests the first enhancement factor found by the court under Tenn. Code Ann. Section 40-35-114(10), that the defendant had no hesitation in committing a crime when the risk to human life was high. Specifically, the defendant argues that since he was not "driving" the vehicle, there was no risk posed to others' health or safety. The affidavit of complaint in the arrest warrant described the defendant as "the subject of a complaint at ParMart on Hwy. 55."

A transcript of the evidence presented at trial is not contained in the record and there is no proof showing whether the trial court found the defendant guilty of "driving" of being in "physical control" of the vehicle at the time of his arrest. See Tenn. Code Ann. Sec. 55-10-401. When the record does not contain the proof presented on an issue, this Court is precluded from considering it and we must presume the trial court's ruling is correct. State v. Bennett, 798 S.W.2d 783 (Tenn. Crim. App. 1990), cert. denied, 500 U.S. 915, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991); State v. Matthews, 805 S.W.2d 776, 785 (Tenn. Crim. App. 1990). Since Appellant relies on alleged facts not included in the record, he has waived this issue.

The trial court also applied as an enhancement factor Tennessee Code Annotated Section 40-35-114(1), that the defendant has a previous history of

criminal convictions or criminal behavior. The presentence report indicates the defendant has three prior convictions for driving under the influence. Under Tennessee Code Annotated Section 55-10-404, the punishment for driving under the influence is graded according to three categories; first conviction, second conviction and "third or subsequent conviction." Although Appellant was charged with DUI, 4th offense, only two previous convictions are necessary elements to qualify for the maximum possible fine and punishment under the statute. Tenn. Code Ann. Sec. 55-10-403. Two of Appellant's previous convictions were used to establish punishment under Tennessee Code Annotated Section 55-10-403(a)(1), and the other was appropriately considered in imposing the maximum sentence.

Appellant further argues that because these convictions span a period of ten years, they do not indicate a period of consistent criminal behavior. However, the record shows that Appellant has a history of repeatedly committing the same crime. Appellant has not cited, and we are unaware of, any authority to support Appellant's position that, for the purposes of Tennessee Code Annotated Section 40-35-114(1), all previous offenses must be within a specified period of time. Therefore, the application of Appellant's prior criminal history in determining the length of the sentence was appropriate.

### A. Alternative Sentencing

The trial court did not grant any form of alternative sentencing, although it recognized that alternatives to incarceration are encouraged under Tennessee

Code Annotated Section 40-35-103(1)(C)(6). Confinement of Appellant was based, in part, on the fact that less restrictive measures had been used unsuccessfully in the past. Tenn. Code Ann. § 40-35-103(1)(C). For each of Appellant's prior DUI convictions, probation had been imposed with only 48 hours to serve and a fine on each. Yet Appellant continued to drink and operate a vehicle while intoxicated even after his license had been revoked. Application of this enhancement factor was appropriate.

Additionally, the trial court's refusal to suspend the sentence was based upon Appellant's lack of amenability to rehabilitation. Tenn. Code Ann. § 40-35-103(1)(C)(5). The court noted at the sentencing hearing that during the trial, Appellant "in effect, lied to the jury concerning his prior record . . ." Appellant also exhibited "an arrogant uncooperative attitude" with the presentence officer. He showed no remorse for his crime and has, in the past, made similar promises not to drive under the influence which he has been unable to keep. Appellant has not taken responsibility for his criminal conduct and the trial court properly denied alternative sentencing.[1]

Pointing to the number of DUI cases on its docket, the trial court also cited the need for deterrence in denying any form of alternative sentencing. In view of the discussion above, whether such judicial notice of the ubiquity of a particular crime is sufficient evidence to warrant a denial of alternative sentencing is an issue we need not address.

---

[1] It should be noted that pursuant to Tennessee Code Annotated Section 55-10-403(b)(1), Appellant is required to serve the minimum sentence for fourth offense DUI in incarceration before being eligible for probation. Thus, Appellant would have to serve 120 days in jail regardless of his suitability for probation.

It is well-settled that whether sentences should be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court. Williams v. State, 520 S.W.2d 371 (Tenn. Crim. App. 1974). Tennessee Code Annotated Section 40-35-115, provides for circumstances under which consecutive sentences may be imposed. In pertinent part it reads:

> (a)  If a defendant is convicted of more than one (1) criminal offense, the court shall order sentences to run consecutively or concurrently as provided by the criteria in this section.
> (b)   The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:
>
> . . .
>
> (2)  The defendant is an offender whose record of criminal activity is extensive. . . .
>
> . . .

Tennessee Code Annotated Section 40-35-115.

The trial court found that Appellant "is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2). When a defendant falls within the classification of an "offender whose record of criminal activity is extensive," the only remaining considerations are whether (1) the terms reasonably relate to the severity of the offenses and (2) whether the terms are necessary in order to protect the public from further misconduct by the defendant. State v. Wilkerson, 905 S.W.2d 933, 938. (Tenn. 1995).

Appellant has over a period of nine (9) years repeatedly violated the prohibition concerning drunk driving. The instant case is his fourth DUI conviction and it is coupled with a driving on a revoked license conviction. Under these

circumstances we agree that Appellant has an extensive record of criminal activity. In addition, Appellant may be properly classified as a "dangerous offender" for whom consecutive sentencing is appropriate. See State v. Anthony Raymond Bell, No. 03C01-9503-CR-00070 (Tenn. Crim. App. at Knoxville, March 11, 1996) perm. to appeal denied (Tenn. 1996); State v. Lonas Britt Dillard, No. 03C01-9311-CR-00386 (Tenn. Crim. App. at Knoxville, July 13, 1994) (classifying DUI offender as a dangerous offender). Further, the consecutive sentences reasonably relate to the severity of the offense. The case law of this State resounds with references to the seriousness of drunk driving. See e.g., State v. Cleavor, 691 S.W.2d 541, 543 (Tenn. 1985). Appellant is an individual who has repeatedly violated this criminal statute. Finally, we believe the trial judge was correct in his finding that a lengthy term was necessary to protect the public from further misconduct by Appellant. Prior lenient punishments imposed on Appellant have failed to deter his continued violation of the DUI law. In addition Appellant has shown no remorse, nor has he accepted any responsibility for his actions. We are left to conclude that a lengthy period of incarceration is the only way to protect the public from further instances of drunken driving on part of the Appellant.

The judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE


CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
JOE G. RILEY, JUDGE