IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1999 SESSION

FILED

October 14, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE** | * | C.C.A. # 03C01-9809-CC-00328 |
| Appellee, | * | SEVIER COUNTY |
| VS. | * | Honorable Richard R. Vance, Judge |
| **RONNIE MASON,** | * | (Selling Marijuana–Two counts; Conspiracy--One count) |
| Appellant. | * | |

FOR THE APPELLANT:

EDWARD C. MILLER
Public Defender
P. O. Box 416
Dandridge, TN 37725

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

AL C. SCHMUTZER, JR.
District Attorney General

MICHAEL ANTONIO GALLEGOS
Assistant District Attorney
125 Court Avenue, Room 301-E
Sevierville, TN 37862

OPINION FILED: _____

AFFIRMED

**JOHN EVERETT WILLIAMS,**

Judge

# OPINION

The defendant, Ronnie Mason, pleaded guilty to sale of over .5 ounces of a Schedule VI controlled substance, a Class E felony, and to conspiracy to sell a Schedule VI controlled substance, a Class A misdemeanor. He appeals from his sentences of one year, split confinement with 20 days in the county jail, the remainder in Community Correction on the Class E felony, and 11 months 29 days with 20 in the county jail on the Class A misdemeanor concurrent with the felony. In this appeal, the defendant contends he should have received full probation or judicial diversion. We AFFIRM the sentences imposed by the trial court.

## BACKGROUND

Detective Turner of the Sevier County Sheriff's Department was working in an undercover capacity with a confidential informant when they made contact with Jimmy Ernest at the Star Tracks Arcade in Pigeon Forge, Tennessee. Ernest arranged a meeting regarding a marijuana transaction with the defendant, the informant, and Turner. The defendant stated that he could obtain one-quarter pound of marijuana for $400 but told them that only he could go to his source for the drugs. The defendant obtained the marijuana and delivered it through Ernest to the officer. Laboratory analysis of the substance identified it as 91.5 grams of marijuana.

A sentencing hearing was held on July 6, 1998, at which the defendant testified as to the only witness. The trial court considered the defendant's pre-sentence report. At this hearing the state asked that the defendant be sentenced to a two year sentence with split confinement. That being, 90 days in jail and the remainder on supervised probation. The trial court found that the offense occurred almost two years prior to sentencing, that the defendant had

good and steady employment, had family responsibilities, had no prior criminal record, and had done some good and positive things with his life. The trial court found the defendant entitled to the presumptive minimum sentence of one year.

The trial court made several pertinent findings for granting an alternative sentence in split confinement:

(1) The transaction began at an arcade frequented by youths;
(2) the defendant had established association with and access to a major dealer;
(3) the defendant admitted to multiple instances of illegally using controlled substances, including during his release under bond for the instance offenses.

The defendant asked the trial court to reconsider its sentence and another hearing was held on August 17, 1998. At this hearing, we note that the defendant did not complain that the trial court did not properly consider all appropriate sentencing factors. Rather, he argued that other people similarly situated were given lighter sentences by another judge in a different diversion. The trial judge stood steadfast to his prior sentence and refused to stipulate why another judge sentenced the way he did. This trial judge felt that inappropriate for consideration. We agree.

**ANALYSIS**

As his only issue for this appeal, the defendant queries whether the trial court erred by imposing a sentence of 20 days of confinement and subsequent Community Corrections. When an accused challenges the length of manner of service of a sentence, this Court reviews the record de novo "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is contingent on the record indicating both the lower court's reasons for arriving at a sentencing decision and compliance with the statutory sentencing guidelines and principles. See State v. Wilkerson, 905 S.W.2d 933, 934 (Tenn. 1995). The

appellant bears the burden of showing that the sentencing was improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n comments; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996). The following considerations apply: (1) the evidence received at trial and at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to the sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the accused on his own behalf; and (7) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

The trial court denied deferment because of the defendant's admitted narcotic use and to avoid depreciating the seriousness of the offense. Further, the trial court found the imposed punishment necessary to avoid depreciating the severity of the offense, involving a commercial amount of an illegal substance. That court applied the Range I presumptive minimum sentence, based on the preceding enumerated factors, for the Class E felony offense. See Tenn. Code Ann. § 40-35-112(a)(5).

The defendant's offense does not invoke the standard established in prior case law and subsequently codified, see Tenn. Code Ann. § 40-35-103(1)(B); State v. Cleavor, 691 S.W.2d 541 (Tenn. 1985), in that it was not "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," Cleavor, 691 S.W.2d at 543. The defendant is presumed "a favorable candidate for alternative sentencing in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); see also Tenn. Code Ann. § 40-35-303(a). However, even if the defendant is entitled to a presumption of alternative sentencing, he has the burden of establishing

suitability for <u>full</u> probation.  <u>See</u> <u>State v. Bingham</u>, 910 S.W.2d 448, 456-57 (Tenn. Crim. App. 1995).  This burden entails a demonstration that full probation will "subserve the ends of justice and the best interest of both the public and the defendant."  <u>State v. Dykes</u>, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990).

The record shows that the defendant participated in local narcotics trade, with access, exclusive among the codefendants, to a local source of significant quantities of drugs.  Significantly, the defendant's admitted abuse of controlled substances included that period of time on which he was on released from custody.  In fact, when the capias for the instant offenses were served, the defendant possessed drug paraphernalia and was found guilty of that offense. We conclude that the defendant's drug involvement and criminal activities while on bond constitute a valid reason for denying full probation in best interest of both the public and the defendant.  For the same reasons, we agree with the trial court's determination that judicial diversion was inappropriate.  <u>See</u> <u>State v. Bingham</u>.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:


_____
JAMES CURWOOD WITT, JR., JUDGE


_____
ALAN E. GLENN, Judge

-5-