IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 18, 2005 Session

## STATE OF TENNESSEE v. DAVID B. WALKER

**Appeal from the Circuit Court for Cocke County**
**No. 9210      Ben W. Hooper II, Judge**

---

**No. E2005-00234-CCA-R3-CD - Filed September 2, 2005**

---

The Appellant, David B. Walker, appeals the sentencing decision of the Cocke County Circuit Court. Walker pled guilty to reckless vehicular homicide, a Class C felony, and was sentenced as a Range I standard offender to three years in the county jail. On appeal, Walker argues that the trial court should have imposed an alternative sentence. After review of the record, we find that the State has failed to rebut the presumption of Walker's entitlement to an alternative sentence. Accordingly, we remand the case to the trial court for the imposition of an appropriate alternative sentence.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

P. Richard Talley, Dandridge, Tennessee, for the Appellant, David B. Walker.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and James B. Dunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On July 26, 2004, the Appellant entered a guilty plea to one count of reckless vehicular homicide, a Class C felony.[1] All sentencing determinations were submitted to the trial court. At the guilty plea hearing, the State summarized the facts underlying the conviction as follows:

---

[1]At the guilty plea submission hearing, Appellant's counsel advised the trial court that the Appellant was entering a "best-interest" plea which was acknowledged by the court. The documents supporting the plea, however, do not reflect a "best-interest" or *Alford* guilty plea.

. . . [I]n the early morning hours of May 3rd, 2003, this [Appellant] left the Midnight Rodeo, a bar here in Newport, with Michael Carey as passenger. The two had been at least to Midnight Rodeo, maybe to Pat & Harvey's (phonetic) before then. Had been drinking. Had been seen drinking. They left in a vehicle owned by Mr. Walker, one he had not owned for I think about two weeks (sic). He hadn't had it long.

Mr. Walker was seen driving that vehicle shortly before the accident. Left out on Highway 25E. I guess heading toward Morristown. Around Rays Chapel Road was going around a curve too fast. The highway patrol has calculated it at 74 miles an hour. Lost control. Single-car accident.

As a result of that accident, the passenger, Michael Carey, was killed. And that occurred here in Cocke County, Tennessee. And we - - of course, we dismissed the intoxication-based charge. But based on the - - the speed he was traveling, we have the recklessness.

At the conclusion of proof, the trial court, finding no enhancing factors, sentenced the Appellant, as a Range I standard offender, to three years in the county jail. Additionally, the trial court denied any form of alternative sentencing and ordered total incarceration. This appeal follows.

**Analysis**

On appeal, the Appellant raises the single issue of whether the trial court properly imposed a sentence of confinement. He contends that the trial court erred in finding a need for confinement based on either the seriousness of the offense or the need to deter others. When an accused challenges the length, range, or manner of the service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The court must consider the evidence received at the trial and sentencing hearing, the pre-sentence report, the principles of sentencing, argument of counsel, the nature and characteristics of the offense, mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. *Ashby*, 823 S.W.2d at 168; *see also* Tenn. Code Ann. § 40-35-210 (2003). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

In view of the Appellant's guilty plea to a Class C felony as a Range I offender, it is undisputed that he is statutorily entitled to the presumption of an alternative sentence. Tenn. Code Ann. § 40-35-102(6) (2003). Where a defendant is entitled to the statutory presumption of alternative sentencing, the State has the burden of overcoming the presumption with evidence to the contrary. *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000). "Conversely, the defendant has the burden of establishing his suitability for full probation, even if the defendant is entitled to the statutory presumption of alternative sentencing." *Id.*

In order to deny any form of alternative sentencing and impose a sentence of total confinement, the trial court should base its decision on the considerations listed in Tennessee Code Annotated section 40-35-103(1):

> (A) Confinement is necessary to protect society by restraining [an appellant] who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the [appellant].

Tenn. Code Ann. § 40-35-103(1)(A-C) (2003); *see also Hooper*, 29 S.W.3d at 5. In this case, the trial court imposed a sentence of total confinement, concluding that confinement was necessary to avoid depreciating the seriousness of the offense and also to serve as a means of deterrence.

The proof at the sentencing hearing established that the Appellant was twenty-one years old with a stable work record at the time of the offense. The Appellant, who is single, lives with his mother and assists with her support.

At the hearing, the prosecution conceded that the Appellant had no criminal history and, in fact, had never been charged with a criminal offense. Although the prosecutor's statement of facts at the guilty plea hearing indicated that the Appellant and the victim "[h]ad been drinking. Had been seen drinking," at the sentencing hearing, the prosecutor informed the court that the State does "not have direct evidence of intoxication."[2] The Appellant testified that, as a result of the impact, he was hospitalized for four months and remained unconscious for approximately two months. He further stated that due to the extent of the injuries he received, he has no memory of the collision or the events of the day.[3] In addition to the Appellant, the Appellant's mother and a nurse, who was a friend of the Appellant, testified on his behalf. The State called no witnesses and introduced no evidence at the sentencing hearing. The prosecutor instead argued to the court that the sentence in this case is already "depreciated . . . by a Supreme Court Case in *Blakely* . . . we're stuck with that;" therefore, he urged the court not to depreciate the case any further and send a clear message to the "many folks at the Midnight Rodeo" and to "the community" about the consequences of drunk driving.

---

[2] The prosecutor explained that due to the Appellant's critical condition upon admission to the hospital and his excessive loss of blood, the attending physicians chose not to "pull any more blood" for blood alcohol testing.

[3] Numerous medical records introduced support the Appellant's medical condition.

## A. Seriousness of the Offense

In denying alternative sentencing based on the seriousness or the offense, the trial court found:

> There was an accident in this case that involved an automobile that may have been traveling anywhere from seventy-four to eighty-five miles per hour, it wrecked, it rolled, it threw the occupants out. It left one of them, as was indicated, must have in some fashion drug him till it kind of tore his clothes off of him to a certain extent. May have crushed his head.[4]

> I find that to be especially violent. Horrifying to some, maybe not to others. Shocking to some and maybe not to others. I find it to be reprehensible. It is offensive.

To deny an alternative sentence based on the seriousness of an offense, "the circumstances of the offense 'as committed, must be "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," and the nature of the offense must outweigh all factors favoring probation.'" *Hartley*, 818 S.W.2d at 374-75 (quoting *State v. Cleavor*, 691 S.W.2d 541, 543 (Tenn.1985) (citation omitted)). The facts of this case, while truly tragic and unfortunate, do not support such a finding. The Appellant's conviction in this case is based upon his reckless act of speeding, resulting in loss of life. We are unable to conclude that the driving of a vehicle at 74 miles per hour is so violent, horrifying, or shocking as to violate the standards of *Hartley*.

## B. Deterrence

The trial court also denied an alternative sentence based on deterrence, finding:

> But I have to make a decision and my decision is that I am going to impose incarceration in this case on the basis that anything other than that truly depreciates the seriousness of the offense. The Court is aware that this is not the only vehicular homicide case that's pending here and I find that it certainly is apt to be as much a deterrent as not to others that find them self [sic] in a similar situation.

We recognize, as argued by the Appellant, that the facts of this case are quite similar to the facts of *Bingham*; however, in *Hooper* our supreme court overruled *Bingham*'s requirement that "incarceration *will* or *should* result in deterrence." *Hooper*, 29 S.W.3d at 10. In *Hooper*, our supreme court examined inconsistencies in the application of "deterrence" by sentencing courts when used to deny alternative sentencing as provided by Tennessee Code Annotated section 40-35-

---

[4]Although the State introduced no proof at the sentencing hearing, the factual information referred to in the trial court's findings is generally contained in the victim impact statement.

103(1)(B). In an attempt to reconcile these inconsistencies, the court held that because of the imprecise science of deterrence "the record must contain some proof of the need for deterrence before a defendant, who is otherwise eligible for probation or other alternative sentence, may be incarcerated." *Id.* at 9. The court enumerated five factors to be considered when deciding whether a need for deterrence is present and whether incarceration is "particularly suited" to achieve that goal:

> (1) Whether other incidents of the charged offense are increasingly present in the community, jurisdiction, or in the state as a whole.[5]
> (2) Whether the defendant's crime was the result of intentional, knowing, or reckless conduct or was otherwise motivated by a desire to profit or gain from the criminal behavior.[6]
> (3) Whether the defendant's crime and conviction have received substantial publicity beyond that normally expected in the typical case.
> (4) Whether the defendant was a member of a criminal enterprise, or substantially encouraged or assisted others in achieving the criminal objective.
> (5) Whether the defendant has previously engaged in criminal conduct of the same type as the offense in question, irrespective of whether such conduct resulted in previous arrests or convictions.

*Id.* at 10-12. The court emphasized that the five factors are neither exhaustive nor conclusive. *Id.* at 12. Again, the State presented no evidence concerning the incidence of vehicular homicide in the community, jurisdiction, or the state as a whole. In this case, the trial court relied upon the number of vehicular homicide cases on its docket to find that a sentence of incarceration would have a deterrent effect. Our supreme court in *Hooper* observed that a judge may take judicial notice of some facts establishing a need for deterrence, but extrajudicial observations by a trial court do not provide a foundation for sentencing. *Id.* at 13; *see* Tenn. Code Ann. § 40-35-210(g) and Sentencing Commission Comments. Moreover, with regard to the trial court's reference to its docket and pending vehicular homicide cases, our supreme court specifically held that a reference to the court's docket cannot replace findings of fact. *See State v. Fields*, 40 S.W.3d 435, 442 (Tenn. 2001). After review, we find no evidence to establish any of the five factors. As such, we conclude that the record contains no evidence of a particular need to deter vehicular homicide in the community, jurisdiction, or state as a whole.

The trial court made no other findings in support of incarceration and denial of alternative sentencing. Indeed, at the conclusion of the sentencing hearing, the trial court conceded that it was ignoring precedent in its sentencing decision. It is clear from our *de novo* review of the record that

---

[5] The court suggested that the use of statistics might aid in establishing the increasing level of the particular crime in the community, jurisdiction, or state.

[6] The court explained, "Common sense tells us that we may have less ability to deter crimes which are the result of provocation, sudden and extreme passion, or even negligence behavior, irrespective of whether others who commit similar crimes are incarcerated or given probation." *Id.* at 11.

there is insufficient evidence to overcome the statutory presumption that the Appellant is a favorable candidate for alternative sentencing. Thus, an alternative sentence must be imposed.

## CONCLUSION

Based on the foregoing, we reverse the judgment of the trial court denying alternative sentencing to the Appellant, and we remand this case to the trial court for determination of an appropriate alternative sentence.

 

 

_____

DAVID G. HAYES, JUDGE