IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 13, 2005

## STATE OF TENNESSEE v. SHAWN PEELE

**Appeal from the Criminal Court for Shelby County**
No. 94-05153     Jon Kerry Blackwood, Judge, Sitting by Designation

―――――――――――

**No. W2005-00155-CCA-R3-CD  - Filed November 4, 2005**

―――――――――――

The Appellant, Shawn Peele, appeals the sentencing decision of the Shelby County Criminal Court. Peele pled guilty to facilitating aggravated robbery, a Class C felony, and was sentenced as a Range I offender to three years incarceration.  On appeal, Peele argues that the trial court erred in denying a suspended sentence.   After review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Jesse W. Dalton, III, Memphis, Tennessee, for the Appellant, Shawn Peele.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michael Davis, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Appellant, who was born in the United States but spent most of his life in Trinidad, enlisted in the Navy in 1993, and was stationed in Millington.  In April of 1994, the Appellant and two accomplices were involved in an aggravated robbery of a Wendy's restaurant.  The Appellant's preliminary hearing was held on May 12, 1994, at which time the case was bound over for indictment.  The Appellant failed to appear at his arraignment, instead returning to Trinidad.  A Shelby County grand jury subsequently returned an indictment against the Appellant charging him with aggravated robbery, a Class B felony.

The Appellant lived in Trinidad where he remained a fugitive for ten years. Eventually, he spoke with the U.S. Embassy in Trinidad which referred him to the Department of the Navy. Navy officials informed the Appellant that a warrant remained outstanding for his arrest in Tennessee and that he would be arrested upon his return to the United States. Subsequently, the Appellant returned to the United States where he was arrested and administratively discharged from the Navy due to his AWOL status.

In November of 2004, the Appellant pled guilty to facilitation of a felony, to wit: aggravated robbery, a Class C felony, as a Range I, standard offender, and under the terms of a plea agreement, received a three-year sentence. Following a hearing on December 9, 2004, the trial court denied the Appellant's request for a suspended sentence, instead ordering that the sentence be served at the Shelby County Correction Center.

**Analysis**

On appeal, the Appellant raises the single issue of whether the trial court properly imposed a sentence of total confinement. When an accused challenges the length, range, or manner of the service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The court must consider the evidence received at the trial and sentencing hearing, the presentence report, the principles of sentencing, arguments of counsel, the nature and characteristics of the offense, mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. *Ashby*, 823 S.W.2d at 168; *see also* Tenn. Code Ann. § 40-35-210 (2003). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

In view of the Appellant's guilty plea to a Class C felony as a Range I offender, it is undisputed that he is statutorily entitled to the presumption of an alternative sentence. Tenn. Code Ann. § 40-35-102(6) (2003). Where a defendant is entitled to the statutory presumption of alternative sentencing, the State has the burden of overcoming the presumption with evidence to the contrary. *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000). "Conversely, the defendant has the burden of establishing his suitability for full probation, even if the defendant is entitled to the statutory presumption of alternative sentencing." *Id*.

In this case, the trial court imposed a sentence of total confinement based upon the seriousness of the offense and its finding "that the defendant has not been completely candid with the Court." *See* Tenn. Code Ann. § 40-35-103(1)(B) (2003).

The Appellant contends that the trial court erred by denying him probation based upon the seriousness of the offense. In support of this position, he asserts that although "he was a fugitive for many years he voluntarily returned to the United States knowing full well that he would be arrested

upon entering the country and prosecuted on these charges." Additionally, he argues that he has no criminal history as well as a network of family members who will support him during his probation.

A sentence involves judicial consideration of two broad categories: the crime, which includes the nature and circumstances of the offense, and the character of the offender. Our review of the sentence is *de novo*. Tenn. Code Ann. § 40-35-402(d) (2003). In this case, our review of the circumstances of the crime is frustrated by the Appellant's failure to include in the appellate record a copy of the transcript of the guilty plea hearing. The Appellant's role and participation in the crime was disputed at the sentencing hearing, and it was within this context that the trial court concluded that the Appellant "had not been completely candid with the court." The facts, as contained in the presentence report, which, unless objected to, are to be considered for sentencing purposes. *See* Tenn. Code Ann. 40-35-210(b). The presentence report in this case states:

> On Sunday, 4/3/94, at approximately 6:00 PM, the Wendy's Restaurant located at 3196 Austin Peay was robbed by two black males, one of whom was armed with a handgun, who demanded and obtained $251.00 in cash. Shawn Peele was developed as a suspect in this robbery after he was implicated by a codefendant. On 4/18/94, following advise of rights, Peele gave a signed statement of admission to participating in this robbery. This offense occurred in Memphis, Shelby County, Tennessee.

Moreover, the record reflects that the Appellant's guilty plea to facilitating aggravated robbery arose from count one of the indictment which charged that the Appellant and his accomplices "intentionally, knowingly and violently, by use of a deadly weapon, to wit: a Pistol and a BB pistol" obtained a sum of money from the victim.

To deny an alternative sentence based on the seriousness of an offense, the conditions of the offense "as committed, must be 'especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring probation." *Hartley*, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991) (quoting *State v. Cleavor*, 691 S.W.2d 541, 543 (Tenn. 1985)). Regardless of whether the Appellant was in possession of a deadly weapon or a BB pistol, the crime for which the Appellant was ultimately convicted, facilitation of aggravated robbery, involved the use of a deadly weapon. We conclude that the Appellant's conduct was particularly egregious as to a facilitating conviction. *See State v. Hollingsworth*, 647 S.W.2d 937, 939 (Tenn. 1983) (noting that in considering the circumstances of the offense, the court may go beyond the negotiated plea and consider the "true nature of the crime").

Moreover, the circumstances surrounding the Appellant's ten year hiatus to Trinidad do not reflect positively upon his respect for the law. At the time of the robbery, the Appellant was nineteen years old and serving in the Navy. The Appellant failed to appear at his arraignment in the Shelby County Criminal Court and was AWOL from the Navy for ten years. Based upon these considerations, we conclude that the Appellant has failed to establish his suitability for full probation.

**CONCLUSION**

Based upon the foregoing, we affirm the Shelby County Criminal Court's imposition of a three-year sentence of incarceration.

_____
DAVID G. HAYES, JUDGE