# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JUNE 1999 SESSION

FILED

October 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9806-CC-00214 |
| Appellee, | * | BLOUNT COUNTY |
| VS. | * | Honorable D. Kelly Thomas, Jr., Judge |
| **LEONARD C. HARVEY,** | * | (Delivery of Schedule II Controlled Substance--three counts; Delivery of Counterfeit Controlled Substance--one count) |
| Appellant. | * | |

FOR THE APPELLANT:

JOHN E. HERBISON
2016 Eighth Avenue South
Nashville, TN 37204

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

MICHAEL L. FLYNN
District Attorney General

PHILIP H. MORTON
Assistant District Attorney
363 Court Street
Maryville, TN 37804-5906

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,** Judge

# OPINION

The defendant, Leonard C. Harvey, appeals the sentence imposed by the Blount County Criminal Court pursuant to his guilty plea to three counts of delivery of a Schedule II controlled substance and one count to delivery of a counterfeit controlled substance. Two counts involved delivery of less than 0.5 of a gram of cocaine and constitute Class C felonies; one count involved delivery of more than 0.5 of a gram of cocaine, a Class B felony. The remaining count, involved delivery of a counterfeit controlled substance, a Class E felony. The defendant received an effective sentence of eight years in the Department of Correction as a Range I, standard offender, and now contends that the trial court erred in denying him probation or other alternative sentencing. We AFFIRM the sentences imposed by the trial court.

## Procedural History

On May 11, 1998, the trial court accepted defendant's guilty plea and imposed an effective eight-year sentence. On May 14, 1998, that court held a sentencing hearing and ordered service in the Department of Correction. The defendant appeals the manner of service.

## BACKGROUND

The defendant is twenty-five years old, unmarried, unemployed, and has one child. Raised in Michigan, he lives in Tennessee to be near his son, who resides with his mother in Alcoa, Tennessee. For over a year and a half the defendant has been a transient living on the streets. He had no place to live at the time of the hearing.

The defendant served seventeen days in jail after his first arrest and admitted using more crack cocaine while on bond. The defendant denies a current drug problem. His evaluation for suitability for placement in community

corrections reveals that he does not appear to be in need of any alcohol and/or drug treatment. The defendant has a high school education and has recently worked as a laborer for a construction company. The defendant has no prior criminal history.

## ANALYSIS

### *Denial of Alternative Sentencing*

When a defendant challenges the manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. <u>See</u> Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all the relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made in his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. "If our review reflects that the trial court followed the statutory sentencing procedure, that it imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result." <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The defendant concedes that the trial court followed the applicable sentencing statutes and stated appropriate considerations. Because the defendant pled guilty to a Class B felony, he is not presumed a suitable candidate for alternative sentencing. See Tenn. Code. Ann. 40-35-102(6). "When a defendant is not afforded that presumption of suitability for alternative sentencing, the defendant bears the burden of establishing it [alternative sentencing] will subserve the ends of justice and the best interest of both the public and the defendant." State v. Housewright, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997).

In the instant case, the trial court determined that alternative sentencing would not serve the ends of justice. Specifically, the trial court based its denial of alternative sentencing on the need to avoid depreciating the seriousness of the offense. After review, we cannot find that the defendant's offenses invoke the standard established in prior case law and subsequently codified, see Tenn. Code Ann. § 40-35-103(1)(B); State v. Cleavor, 691 S.W.2d 541 (Tenn. 1985), in that they were not "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree." Cleavor, 691 S.W.2d at 543.

However, we do not find the trial court's denial of alternative sentencing inappropriate because the defendant has failed to meet his burden. Since the defendant was not presumed a suitable candidate for alternative sentencing, the trial judge was vested with a "considerable degree of discretion within the sentencing guidelines to determine the manner of service of the sentence." Housewright, 982 S.W.2d at 357. Accordingly, the trial court was reasonably concerned with the number and temporal proximity of the instant offenses: both factors underscore the seriousness of the defendant's actions and evidence an intent to continue criminal activity. The defendant's admitted use of "crack"

cocaine while on bond for his first arrest similarly adds weight to these concerns and reflects negatively on the defendant's capacity for rehabilitation. See Tenn. Code Ann. § 103(5). This Court also notes that at the sentencing hearing the defendant admitted to engaging in other cocaine transactions prior to his arrest for the instant offenses.

In support of his plea for alternative sentencing, the defendant argues that he, prior to the four instant offenses, lacked a criminal history and that the number of instant offenses was essentially determined by police and prosecutors. These arguments are unpersuasive and fail to demonstrate that the defendant is suitable for alternative sentencing. These arguments, presented with no supporting authority, fall well short of meeting defendant's burden. For these reasons, we cannot conclude that the trial judge erred or abused his discretion by denying an alternative to incarceration.

**CONCLUSION**

We AFFIRM the decision of the trial court.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
DAVID G. HAYES, Judge