IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 14, 2011

## STATE OF TENNESSEE v. JOSE JESUS ALBA-GUTIERREZ

**Appeal from the Criminal Court for Davidson County**
**Nos. 2010-A-152, 2010-A-263     J. Randall Wyatt, Jr., Judge**

---

**No. M2010-01617-CCA-R3-CD - Filed November 17, 2011**

---

Originally charged with five counts of aggravated burglary and four counts of theft of property valued at $1,000 or more but less than $10,000, the defendant, Jose Jesus Alba-Gutierrez, pleaded guilty to five counts of aggravated burglary in exchange for a total effective sentence not to exceed ten years, with the manner of service to be determined by the trial court, and the State's agreement to dismiss the theft charges against him. Following a sentencing hearing, the trial court ordered the defendant to serve his sentence in confinement. In this appeal, the defendant challenges the order of a fully incarcerative sentence. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Paul Julius Walwyn, Madison, Tennessee, for the appellant, Jose Jesus Alba-Gutierrez.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Davidson County grand jury charged the defendant in case number 2010-A-152 with one count of aggravated burglary, *see* T.C.A. § 39-14-403(a) (2006), and one count of theft of property valued at $1,000 or more but less than $10,000, *see id.* § 39-14-103, -105(3), and in case number 2010-A-263 with four counts of aggravated burglary and three counts of theft of property valued at $1,000 or more but less than $10,000. Pursuant

to a plea agreement, the State dismissed the theft charges in exchange for the defendant's pleading guilty to the aggravated burglary charges. Although the parties did not arrive at an agreed sentence, they did agree that the total effective sentence would not exceed ten years. The plea agreement also left open the manner of service of the sentence. The trial court held a sentencing hearing to determine the appropriate length and manner of service of the sentence.

At the June 10, 2010 sentencing hearing, three of the burglary victims recounted discovering that their homes had been invaded and their possessions taken.

The defendant's girlfriend, Janet Garcia, testified that the two lived together and had a 13-month-old son. She said that at the time of the defendant's arrest, she had been out of work, the defendant was working fewer hours, and, as a result, the couple was experiencing financial difficulties. She said that they rarely went out to eat and that they never went to the movies or anything of that nature. Ms. Garcia said that she did not realize that the defendant had resorted to burglary and theft to pay the couple's bills.

The defendant testified that because his hours were reduced at his job, he was unable to meet his financial obligations. He said that at the same time he would drive "by the houses where the [victims] lived at and it seemed easy . . . to just go in there." The defendant said that he sold the items he took from the victims' homes. The defendant asked to be placed on probation and given the opportunity to "pay [the victims] back for their things." The defendant said that he had never even been arrested before committing the offenses in this case.

During cross-examination, the defendant admitting that stealing the items and selling them on the black market was a major source of livelihood for him.

At the conclusion of the sentencing hearing, the trial court determined that the offenses involved more than one victim, that the offense involved the theft of property, and that property damage to each of the victims' homes was significant. *See* T.C.A. § 40-35-114(3), (24) (2006). The court imposed a sentence of five years for each conviction of aggravated burglary and ordered that the sentences in case number 2010-A-263 be served concurrently to each other and consecutively to the sentence imposed in case number 2010-A-152 based upon its finding that profits from the burglaries were a major source of the defendant's livelihood. Without making any findings regarding the need for confinement, the trial court ordered that the defendant serve the entire sentence in the Department of Correction.

In this appeal, the defendant contends that the trial court erred by ordering a

fully incarcerative sentence. The State asserts that confinement was necessary to avoid depreciating the seriousness of the offenses and to provide deterrence.

When considering challenges to the length and manner of service of a sentence this court conducts a de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party, in this case the defendant, bears the burden of establishing impropriety in the sentence. T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also Ashby*, 823 S.W.2d at 169. If our review of the sentence establishes that the trial court gave "due consideration and proper weight to the factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

In making its sentencing decision, the trial court must consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;
(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;
(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The trial court should also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5).

Relative to the defendant's Class C felony convictions of aggravated burglary,

he was considered a favorable candidate for alternative sentencing. *See id.* § 40-35-102(6). "[F]avorable status consideration," however, does not equate to a presumption of such status. *Carter*, 254 S.W.3d at 347.

As the recipient of a sentence of ten years or less, the defendant was also eligible for probation. *See* T.C.A. § 40-35-303(a). He bore the burden, however, of establishing his "suitability for full probation." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); *see* T.C.A. § 40-35-303(b). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

Initially, the trial court failed to consider all relevant sentencing principles and factors, applied two inappropriate enhancement factors, and failed to make any findings on the record concerning the denial of probation or other alternative sentencing.[1] Consequently, our review is de novo with no presumption of correctness afforded to the decision of the trial court.

The record reflects that the 19-year-old defendant had no criminal history prior to committing a string of aggravated burglaries between October 19 and November 2, 2009. The record also verified that the defendant was working at the time of the offenses. The defendant testified that he was unable to meet his financial obligations due to a reduction of his hours at work. The defendant's girlfriend confirmed the couple's financial situation. The defendant candidly admitted that he committed the offenses, and two to four other burglaries as well, to bring extra money into the home. He expressed remorse and a desire to make restitution to the victims.

A sentence of full confinement is generally warranted only when "necessary to protect society by restraining a defendant who has a long history of criminal conduct," when "necessary to avoid depreciating the seriousness of the offense or . . . particularly suited to provide an effective deterrent to others likely to commit similar offenses," or when "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1). The defendant has no criminal history and, as such, has never been the recipient of sentences involving release into the community. Although the State argues that confinement was necessary to provide a general deterrent, the record does not contain any proof that "a need to deter similar crimes is present in the particular community, jurisdiction, or in the state as a whole" or that "incarceration of

---

[1]Despite the application of two inapt enhancement factors, the defendant does not challenge the length of the individual sentences or the consecutive alignment of the sentences.

-4-

the defendant may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes." *State v. Hooper*, 29 S.W.3d 1, 10 (Tenn. 2000). That being said, we agree with the State that confinement was necessary to avoid depreciating the seriousness of the offenses given the excessive, exaggerated extent of the defendant's offenses. *See State v. Fields*, 40 S.W.3d 435, 441 (Tenn. 2001) (quoting *State v. Cleavor*, 691 S.W.2d 541, 543 (Tenn. 1985)).

Accordingly, the sentencing judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE